UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  PRADAXA PRODUCT LIABILITY ACTIONS ) ) ) ) | |

**This Document Relates to:**

| | |
|---|---|
| *Boston v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No. 3:12-cv-00610-DRH-SCW |
| *Richardson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No. 3:12-cv-00611-DRH-SCW |
| *Garner v. BoehringervIngelheim Pharmaceuticals, Inc. et al.* | No. 3:12-cv-00612-DRH-SCW |
| *Herbeck v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No., 3:12-cv-00613-DRH-SCW |
| *Fitzgibbons v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No., 3:12-cv-00614-DRH-SCW |
| *Sellers v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No., 3:12-cv-00615-DRH-SCW |
| *Smith v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* | No. 3:12-cv-00616-DRH-SCW |

I.      INTRODUCTION

Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI') moves to stay pretrial proceedings in the above captioned related actions pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") regarding centralization of multidistrict litigation ("MDL").  In the alternative, BIPI asks the Court to reschedule the Status Conference currently set for June 28, 2012, to

accommodate scheduling conflicts for counsel.  Plaintiffs are opposed to the motion.  After consideration of BIPI's arguments, the Court finds that a stay is not warranted, and thus BIPI's motion to stay is DENIED.

## II.   BACKGROUND

Approximately 27 product liability actions involving the prescription drug PRADAXA ("Pradaxa") are pending in 13 different federal district courts. Presently, 11 of the above-described Pradaxa actions are pending before the undersigned Judge in this district court.[1]

On May 31, 2012, plaintiff Vera Sellers (*Sellers v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-615) filed a motion for transfer of actions pursuant to 28 U.S.C. § 1407.  *See* MDL No. 2385, *In re Pradaxa Prod. Liab. Litig.* ("MDL Motion").  The MDL Motion requests centralization and consolidation of the Pradaxa product liability cases before a single federal district

---

[1] Between May 11 and May 14 2012, eight Pradaxa product liability actions were filed with this Court.  *Boston v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-cv-610; *Richardson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-cv-611; *Garner v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-cv-612; *Herbeck v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No., 3:12-cv-613; *Fitzgibbons v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No., 3:12-cv-614; *Sellers v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No., 3:12-cv-615; *Smith v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:12-cv-616; *Stout v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-cv-617.  BIPI has filed motions to stay in actions 3:12-610-616.  On June 14, 2012, three additional Pradaxa product liability actions were filed with this Court. *Kekich v. Boehringer Ingelheim Pharmaceuticals Inc. et al.,* No. 3:12-cv-709 *Crosby v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:12-cv-710 *Williams v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,* No. 3:12-cv-711

court. Plaintiff Sellers' proposed forum is the Southern District of Illinois. The JPML will hear the MDL Motion on July 26, 2012. BIPI has indicated that it does not intend to oppose the formation of an MDL. It may, however, oppose plaintiff Sellers' requested forum.

This Court has scheduled a status conference in the above captioned related cases for June 28, 2012. On June 13, 2012, the parties and the Court briefly discussed the status of this pending litigation via teleconference. During the teleconference, BIPI alerted the Court of its intent to file the present motion. At that time, plaintiffs conveyed their opposition to staying pretrial proceedings. In addition, the parties and the Court discussed an alternative date for the conference and agreed on July 13, 2012, at 2:30 p.m. (should the Court decline BIPI's request to stay pretrial proceedings).

The present motion asks the Court to stay pretrial proceedings pending resolution of the MDL Motion by the JPML. Noting that the MDL Motion will be heard on July 26, 2012, BIPI speculates that the JPML "will issue a ruling - perhaps as early as late July or early August - on the propriety of an MDL and the location of the appropriate transferee district." In light of this procedural posture, BIPI contends that a stay is necessary to conserve judicial resources and prevent unfair prejudice to the parties. In the alternative, BIPI asks the Court to reschedule the conference currently set for June 28, 2012.

### III.   ANALYSIS

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

The JPML rules do not require that an action be stayed by a district court while a motion with the Panel for transfer is pending. Rather, the stay decision is a discretionary one.  As the Panel's rules state:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

J.P.M.L. Rule 2.1(d). In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004).

After considering BIPI's motion, the court is not persuaded that BIPI would suffer any unacceptable hardship or inequity if pretrial proceedings are not

stayed. Nor is the Court convinced that conservation of party and judicial resources requires a stay.

Presently, 27 Pradaxa actions are pending in 13 different district courts across the country. This Court, by far, carries the largest number of these actions (11 as of the date of this order). This is far too many cases to ignore the issues that are of concern to this Court while the MDL Motion is being resolved. At this point there is no assurance that the JPML will consolidate all of the relevant cases before a single judge. Further, BIPI's contention that the JPML *might* issue a decision on the MDL Motion in late June or early July is mere speculation and does not warrant a stay.

Additionally, at this point, the risk of harm from inconsistent rulings is minimal. These cases are in the early stages of discovery. Staying these actions will not alter BIPI's burden with respect to discovery. Instead, a stay would simply delay discovery's commencement. BIPI, whether it is on the timeline set by the undersigned or by another judge, will still have to turn over the same documents and make available the same witnesses for deposition. Accordingly, even if these cases are ultimately consolidated with another federal district court, any prejudice would be minimal.

IV. CONCLUSION

For the reasons discussed above, BIPI's motion to stay is DENIED. The Court will, however, reschedule the conference currently scheduled for June 28,

2012 to accommodate counsel. The conference is hereby rescheduled and will be held on July 13, 2012, at 2:30 p.m.

**IT IS SO ORDERED.**

Signed this 20th day of June 2012

Digitally signed by
David R. Herndon
Date: 2012.06.20
15:59:05 -05'00'

**Chief Judge**
**United States District Court**